# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

**TRECOM SYSTEMS GROUP, INC.**              Case No. 25-3278

v.

**MJ FREEWAY, LLC; AKERNA CORPORATION**

  **Pennsylvania Department of Health,**
     *Appellant*

## MOTION TO VACATE ORDER CONSOLIDATING APPEALS (25-1069 & 25-3278)

Appellant, Pennsylvania Department of Health, through undersigned counsel, respectfully moves to request the following relief from this Court: unconsolidate the instant appeal (25-3278) from the earlier-filed appeal (25-1069). *See* Case No. 25-3278, ECF 4 (Clerk Order). In support of this motion, undersigned counsel for Appellant avers as follows:

1. TreCom Systems Group, Inc. (TreCom) initiated a breach of contract action against MJ Freeway in the trial court in 2021. *See* Dist. Ct. Dckt. (E.D.Pa. 2:21-cv-01575-JDW).

2. The case proceeded to trial in December 2024, where a verdict in favor of TreCom and against MJ Freeway was reached. The jury awarded TreCom monetary damages.

3. After post-trial motions were adjudicated, MJ Freeway appealed to this Court, Case No. 25-1069.

4. In an effort to collect the Judgment, TreCom sought and the Clerk of Court then entered a Writ of Execution against Pennsylvania Department of Health (DOH) as a garnishee for monies that DOH owed MJ Freeway for work that MJ Freeway had completed for DOH under specific contracts. *See* Dist. Ct. ECFs 183, 187.

5. DOH was not a party to TreCom's underlying breach of contract claim against MJ Freeway. Indeed, DOH only became a party as a "garnishee" after the Writ of Execution was entered and DOH was served with the Writ. *See generally* Dist. Ct. Dckt.; ECFs 187, 193.

6. DOH sought to quash the Writ of Execution, which the district court denied by Order dated October 22, 2025. *See* Dist. Ct. ECFs 194, 211, 212.

7. DOH appealed from that Order on November 19, 2025, initiating the instant appeal docketed with this Court on November 21, 2025 (Case No. 25-3278). Upon docketing DOH's appeal, this Court immediately ordered consolidation with MJ Freeway's appeal (Case No. 25-1069) taken several months prior. *See* Case No. 25-3278, ECF 4.[1]

---

[1] It is undersigned counsel's understanding that the appeal were automatically consolidated because they originate from the same district court docket.

8. The two appeals, however, should not have been, and should not continue to be consolidated.

9. The earlier appeal, 25-1069, concerns MJ Freeway's challenge to judgment entered after the jury verdict and a variety of post-trial motions. DOH was not a party to the matter at all during that time.

10. DOH was not a party to TreCom's underlying breach of contract claim against MJ Freeway when filed in 2021, and did not become involved in this matter until after judgment was entered.

11. The issues in each appeal are unrelated and distinct. MJ Freeway's appeal relates to the substantive merits of TreCom's breach of contract claim and judgment against MJ Freeway. Comparatively, DOH's appeal is solely related to a post-trial and post-judgment issue concerning a Writ of Execution for Garnishment, where DOH raised that it was entitled to sovereign immunity and thus the Writ cannot be executed.

    a. DOH's defense of sovereign immunity and challenge to the Writ of Execution is wholly separate from MJ Freeway's appeal from trial proceedings and the judgment.

    b. These are not cross-appeals.

12. Consolidation is generally a matter of convenience and judicial economy, however, both of those purposes are frustrated here by consolidating the

two appeals. The appeals do not arise from the same underlying opinion or decision. The relevant factual background (and, in large part, procedural background) to each appeal is different.

    a. The two designated Appellants (DOH and MJ Freeway) are unlikely to file a joint brief, given there is zero overlap in the issues presented.

    b. Appellee TreCom will likely need to seek to exceed the word limit for its response brief because it will have to respond to two wholly different appeals and issues raised by both DOH and MJ Freeway. *See* Case No. 25-3278, ECF 9 (TreCom's Motion to Exceed); Case No. 25-1069, ECF 34 (same).

13. Consolidation of these appeals renders the matters more complex than necessary, and may only serve to confuse the issues.

14. Unconsolidating these appeals is the most efficient path forward.

15. The present motion is not made with any dilatory intent, and granting this motion should not cause the final disposition of this appeal to be materially delayed.

# CONCLUSION

This Court should vacate the prior Order (ECF 4) consolidating this appeal with Case No. 25-1069, or otherwise grant relief that effectively unconsolidates the two appeals (25-1069 & 25-3278).

Respectfully submitted,

By: */s/ Hannah L. Kogan*
    ———————————————
    HANNAH L. KOGAN
    Deputy Attorney General
    Bar No. 333516 (Pa.)

    DANIEL B. MULLEN
    Chief Deputy Attorney General
    Chief, Appellate Litigation Section

Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
Phone: (215) 560-2402
FAX:  (717) 772-4526

DATE: December 5, 2025

# CERTIFICATE OF SERVICE

I, Hannah L. Kogan, Deputy Attorney General, do hereby certify that I have this day, December 5, 2025, served the foregoing *Motion to Unconsolidate Appeals*, via electronic service, so the Notice of Docket Activity that is generated by this Court's electronic filing system (PACER) constitutes service of the filed document on any/all Filing User(s) and parties involved in this case.

*/s/ Hannah L. Kogan*

HANNAH L. KOGAN
Deputy Attorney General

DATE: December 5, 2025